UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FRANK LAFAZIA, JR.,

Plaintiff,

vs.

ECOLAB INC.,

Defendant.

Court File No. CA 06 491 ML

**NOTICE OF REMOVAL**

Defendant Ecolab Inc., by and through undersigned counsel, hereby removes this case to United States District Court for the District of Rhode Island for all future proceedings and trial:

1. On February 16, 2005, Plaintiff Frank LaFazia, Jr., filed suit against defendants Cedar Crest Nursing Centre, Inc., Johnson Diversey, Inc., and Beacon Mutual Insurance Company in Providence, Rhode Island Superior Court, Case No. 05-0774. (*See* Complaint, attached as **Exhibit A**.) According to the allegations in Plaintiff's Complaint, Cedar Crest Nursing Centre and Beacon Mutual Insurance Company are Rhode Island corporations; Johnson Diversey is a foreign corporation.

2. On November 22, 2005, Plaintiff amended his Complaint to add the undersigned defendant Ecolab Inc. (*See* First Amended Complaint, attached as **Exhibit B**.) Ecolab is a Delaware corporation with its principal place of business in Minnesota.

3. In addition to adding Ecolab as a defendant, Plaintiff dismissed defendant Beacon Mutual Insurance Company from his First Amended

Complaint. Despite this dismissal, however, Plaintiff continued his claims against resident defendant Cedar Crest Nursing Centre and non-resident Johnson Diversey. For this reason—because Cedar Crest Nursing Centre is a Rhode Island citizen for diversity purposes—Ecolab believed that the case could not be removed to this Court.

4. In his First Amended Complaint, Plaintiff alleges that he is entitled to recover from Ecolab, Johnson Diversey ***and*** Cedar Crest Nursing Center for damages allegedly sustained when Plaintiff was electrically shocked while working at the Cedar Crest Nursing Centre on February 17, 2002. (*See* First Amended Complaint.) In particular, Plaintiff raises negligence and breach of warranty claims against all three defendants. (*Id.*)

5. On June 28, 2006, the Providence Superior Court dismissed Johnson Diversey by summary judgment, leaving Ecolab and Cedar Crest Nursing Centre as the remaining defendants.

6. On November 1, 2006, noticing the one year removal deadline approaching, Ecolab's counsel contacted the Providence Superior Court clerk and discovered that Plaintiff never served his First Amended Complaint on Cedar Crest Nursing Centre, but that he dismissed Cedar Crest Nursing Centre on May 31, 2005 – nearly six months ***before*** Plaintiff filed his First Amended Complaint against Ecolab ***and*** Cedar Crest Nursing Centre. The docket report reflects a settlement between Plaintiff and Cedar Crest Nursing Centre and its insurer Beacon Mutual Insurance Company, and the dismissals. (*See* Docket Report for Case No. 05-0774, attached as **Exhibit C**.) Despite having dismissed these

defendants in May 2005, Plaintiff nonetheless named Cedar Crest Nursing Centre in his First Amended Complaint, effectively destroying diversity.

7. Because there is no reasonable basis in law and fact for Plaintiff's claims against Cedar Crest Nursing Centre, Plaintiff "fraudulently joined" Cedar Crest Nursing Centre as a defendant to his First Amended Complaint. *Lawrence Builders, Inc. v. Kolodner*, 414 F. Supp. 2d 134, 137 (D.R.I. 2006). Accordingly, the Court should not consider them in analyzing diversity jurisdiction.

8. As Judge Mary M. Lisi recently held in *Antonucci v. Cherry Hill Manor*, 2006 U.S. Dist. LEXIS 65921 (D.R.I. 2006) (a copy of the unpublished decision is attached as **Exhibit D**), "The central question in a fraudulent joinder analysis concerns whether the joinder of the non-diverse party has a reasonable basis in law and fact." *Id.* (*citing Lawrence Builders, Inc.*, 414 F. Supp. 2d at 137). It is not necessary for the defendant to prove that the plaintiff intended to mislead or deceive in order to sustain its burden. *Lawrence Builders*, 414 F. Supp. 2d at 137 (*citing Coughlin v. Nationwide Mut. Ins. Co.*, 776 F. Supp. 626, 628 n.3 (D. Mass. 1991)).

9. Ecolab discovered that the case was removable on November 1, 2006, and timely files this notice of removal within 30 days of that discovery.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between citizens of different states. Therefore, this suit is removable pursuant to 28 U.S.C. § 1441.

11. Plaintiff is domiciled in and a citizen of the State of Rhode Island. (First Amended Complaint at ¶ 1.)

12. Ecolab is now, and was at the time that Plaintiff filed his First Amended Complaint, a corporation organized under the laws of the State of Delaware, with its principal place of business in St. Paul, Minnesota. Ecolab has never been incorporated in any other state. Ecolab is not now, nor was it at the time that Plaintiff filed and served his First Amended Complaint, a citizen of the State of Rhode Island.

13. Consequently, this suit is between citizens of different states for purposes of 28 U.S.C. § 1332(1) and complete diversity of citizenship exists.

14. Although Plaintiff does not plead the specific amount of damages he seeks to recover, he demanded $649,500 to settle his claims against Cedar Crest Nursing Centre. (*See* Letter from C. Fay to S. Whipple, dated December 1, 2004, attached as **Exhibit E**.) Based on this settlement demand, Plaintiff no doubt seeks to recover damages in excess of $75,000, exclusive of interest and costs.

15. Defendant attaches to this Notice copies of the pleadings served upon and by them in this case.

**WHEREFORE,** Ecolab respectfully requests that this action be removed to the United States District Court for the District of Rhode Island.

Dated: November 14th, 2006.

Respectfully Submitted,

John M. Boland (#2945)
Reynolds, DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903
Tel. (401) 861-5522
Fax (401) 331-4861

**ATTORNEYS FOR ECOLAB INC.**

**CERTIFICATE OF SERVICE**

I, John M. Boland, hereby certify that a true copy of the foregoing document was served by U.S. Mail, postage prepaid, on November 14th, 2006, to Kara M. Fay, Esquire, Fay Law Associates, Inc., 917 Reservoir Avenue, Cranston, RI 02910 and Stephen B. Lang, Esquire, Higgins, Cavanagh & Cooney, LLP, 123 Dyer Street, Providence, RI 02903.

John M. Boland, Esq.