STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

SUPERIOR COURT

CIVIL DOCKET SHEET

CA 06 491 ML

Case ID: PC-2005-0774 FRANK LAFAZIO V CEDAR CREST NURSING CENTRE INC

Filing Date: 02-16-2005
Case Status: UNASSIGNED

Case Type: PERSONAL INJURY
Status Date: 02-16-2005

Plaintiff: FRANK LAFAZIO
ID: @10225997
Attorney: CHRISTOPHER FAY

Defendant: CEDAR CREST NURSING CENTRE INC
ID: @10250822
Attorney: ROBERT QUIGLEY

Defendant: JOHNSONDIVERSITY INC
ID: @10258218
Attorney: STEPHEN LANG

Defendant: ECOLAB
ID: @10119312
Attorney: JOHN BOLAND

Scheduled Events

| Date | Event | Location | Judge |
|---|---|---|---|

Prior Events

| Date | Event | Location | Judge |
|---|---|---|---|
| 08-24-2005 | MOTION TO COMPEL ANS INTEROG<br>ORDER TO ENTER | P CRT4 | FORTUNATO |
| 08-24-2005 | MOTION TO COMPEL PRODUCTION<br>ORDER TO ENTER | P CRT4 | FORTUNATO |
| 10-26-2005 | MOT FOR COND ORD OF DISMISSAL<br>ORDER TO ENTER | P CRT17 | MCGUIRL |
| 11-09-2005 | MOTION TO AMEND COMPLAINT<br>CASE CONT BY AGREEMENT | P CRT17 | MCGUIRL |
| 11-16-2005 | MOTION TO AMEND COMPLAINT<br>GRANTED | P CRT17 | MCGUIRL |
| 12-14-2005 | MOT FOR ENLARGMNT OF TIME<br>ORDER TO ENTER | P CRT17 | MCGUIRL |
| 04-25-2006 | MOTION FOR SUMMARY JUDGMENT<br>CASE CONT BY AGREEMENT | P CRT17 | MCGUIRL |
| 05-09-2006 | MOTION FOR SUMMARY JUDGMENT<br>CASE CONT BY AGREEMENT | P CRT17 | MCGUIRL |
| 05-10-2006 | MOTION FOR SUMMARY JUDGMENT<br>COMPLETED | P CRT17 | MCGUIRL |
| 05-31-2006 | MOT FOR COND ORD OF DISMISSAL<br>ORDER TO ENTER | P CRT17 | MCGUIRL |
| 06-14-2006 | MOTION FOR ENTRY OF JUDGMENT<br>PASSED | P CRT17 | MCGUIRL |
| 06-28-2006 | MOTION FOR ENTRY OF JUDGMENT<br>GRANTED | P CRT17 | MCGUIRL |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

SUPERIOR COURT

CIVIL DOCKET SHEET

Case ID: PC-2005-0774 FRANK LAFAZIO V CEDAR CREST NURSING CENTRE INC

**Case Jacket**

| Checked Out | Returned | Person | Comments/Text |
|---|---|---|---|

**Docket Entry Information**

| Date | Description | Text |
|---|---|---|
| 02-16-2005 | COMPLAINT FILED | |
| 02-24-2005 | SUMMONS,PROOF OF SERVICE FILED | |
| 03-09-2005 | ANSWER FILED | CEDAR CREST |
| 03-09-2005 | ENTRY OF APPEARANCE | FOR CEDAR CREST ENTRY ATTORNEY: ROBERT QUIGLEY |
| 03-09-2005 | REQUEST FOR ADMISSION(S) FILED | DEF CEDAR CREST |
| 03-14-2005 | STIPULA FILED,EXTEN OF TIME | |
| 03-14-2005 | BY AGREEMENT | |
| 03-21-2005 | MOT FOR ENLARGEMENT OF TIME | |
| 04-01-2005 | ANSWER FILED | DEF BEACON MUTUAL INS.CO. TO PLF.FRANK LAFAZIO. |
| 04-20-2005 | ORD MOTION FOR EXTEN OF TIME | |
| 04-20-2005 | GRANTED UNDER RULE OF COURT | |
| 04-26-2005 | ANSWER FILED | BY DEF, JOHSONDIVERSEY, INC. |
| 04-26-2005 | NOTICE TO TAKE DEPO FILED | OF KEEPER OF RECORDS OF BEACON MUTUAL INSURANCE COMPANY |
| 04-26-2005 | REQUEST FOR PRODUCTION FILED | BY DEF, JOHNSONDIVERSEY |
| 05-04-2005 | STIPULATION FILED | THE TIME WITHIN WHICH THE DEFT-JOHNSON DIVERSEY, INC MAY RESPOND TO PLF COMPLAINT IS EXTENDED TO 5-1-05. |
| 05-10-2005 | OBJECTION FILED | OBJECTION TO SUBPOENA. |
| 05-11-2005 | MOT FILED IN EXCESS OF 30 INTE | CONVERSION -EVENT HISTORY- |
| 05-18-2005 | MOT FILED IN EXCESS OF 30 INTE | JUSTICE: JUDITH SAVAGE |
| 05-18-2005 | GRANTED | |
| 05-18-2005 | MOT FILED IN EXCESS OF 30 INTE | CONVERSION -EVENT HISTORY- |
| 05-20-2005 | ORDER ENTERED | Defs motion for leave is granted. |
| 05-24-2005 | INTEROGATORIES FILED | Affiliated: JOHNSONDIVERSITY INC |
| 05-25-2005 | MOT FOR ENLARGEMENT OF TIME | |
| 05-26-2005 | SUBPOENA DUCES TECUM | Affiliated: BEACON MUTUAL INSURANCE |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

SUPERIOR COURT

CIVIL DOCKET SHEET

Case ID: PC-2005-0774 FRANK LAFAZIO V CEDAR CREST NURSING CENTRE INC

| | | |
|---|---|---|
| | | CO |
| 05-31-2005 | CASE SETT'D - THIS PARTY ONLY | AS TO DFT CEDAR CREST NURSING CENTER INC |
| 06-08-2005 | MOTION TO DISMISS | |
| 06-09-2005 | MOT FOR ENLARGEMENT OF TIME | CONVERSION -EVENT HISTORY- |
| 06-15-2005 | ORDER ENTERED | Motion to enlarge time is granted. |
| 06-28-2005 | CASE SETT'D - THIS PARTY ONLY | Affiliated: BEACON MUTUAL INSURANCE<br>CO |
| 08-11-2005 | MOTION TO COMPEL PRODUCTION | OBJECTION FILED<br>Affiliated: JOHNSONDIVERSITY INC |
| 08-24-2005 | ORDER TO ENTER | |
| 08-24-2005 | ORDER TO ENTER | |
| 09-02-2005 | ORDER ENTERED | MOTION IS GRANTED. |
| 10-26-2005 | MOTION TO AMEND COMPLAINT | OBJECTION FILED<br>Affiliated: LAFAZIO, FRANK |
| 10-26-2005 | ORDER TO ENTER | |
| 11-02-2005 | OBJ TO MOT TO COMPEL PROD | DEFS MOTION TO COMPEL IS GRANTED. |
| 11-09-2005 | CASE CONT BY AGREEMENT | |
| 11-16-2005 | GRANTED | |
| 11-17-2005 | AMENDED COMPLAINT FILED | Affiliated: LAFAZIO, FRANK |
| 11-17-2005 | ORDER ENTERED | DEFS MOTION IS GRANTED. |
| 11-30-2005 | MOT FOR ENLARGEMENT OF TIME | OBJECTION FILED<br>Affiliated: LAFAZIO, FRANK |
| 12-01-2005 | ORDER, MOT TO AMEND COMPLAINT | |
| 12-14-2005 | ORDER TO ENTER | |
| 12-23-2005 | STIPULA FILED,EXTEN OF TIME | BY AGREEMENT OF PARTIES DEFT. SHALL HAVE AN ADDITIONAL 30 DAYS TO RESPOND TO PLTF'S COMPLAINT. |
| 01-06-2006 | ANSWER FILED | ECOLABS |
| 01-06-2006 | ENTRY OF APPEARANCE | |
| 01-11-2006 | ANSWER FILED | Affiliated: JOHNSONDIVERSITY INC |
| 02-01-2006 | RESPONSE TO REQUEST FOR PROD | BY PLAINTIFF TO DEFENDANT JOHNSON DIVERSEY |
| 02-01-2006 | ANSWERS TO INTEROGG FILED | BY PLTF FRANK LAFAZIA TO DEFENDANT JOHNSON DIVERSEY |
| 02-02-2006 | REQUEST FOR PRODUCTION FILED | ( FIRST).<br>Affiliated: ECOLAB |
| 02-02-2006 | INTEROGATORIES FILED | ( FIRST SET).<br>Affiliated: ECOLAB |
| 02-02-2006 | OTHER DOCUMENT | MISCELLANEOUS PETITION FOR ADMISSION PRO HAC VICE. |
| 02-02-2006 | OTHER DOCUMENT | ATTORNEY CERTIFICATION FOR PRO HAV VICE ADMISSION. |
| 02-17-2006 | MOTION TO APPEAR PRO HAC VICE | HEARING DATE 03-01-06 RECEIVED FOR SCHEDULING ON 03-01-06 TIMELY FILED<br>Affiliated: BOLAND, JOHN M |
| 02-24-2006 | OBJECTION FILED | TO MOTION TO CHARGE SECURED CREDITOR |
| 03-01-2006 | MOTION TO APPEAR PRO HAC VICE | GT |
| 03-16-2006 | ORDER PRO HAC VICE GRANTED | MCGUIRL, J.; JOHN SEAR & RYAN NILSEN ARE ADMITTED |
| 04-10-2006 | MOTION TO COMPEL PRODUCTION | GRANTED UNDER RULE OF COURT AS OF 4/19/2006 |
| 04-10-2006 | MOTION TO COMPEL ANSW INTEROG | GRANTED UNDER RULE OF COURT AS OF 4/19/2006 |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

SUPERIOR COURT

CIVIL DOCKET SHEET

Case ID: PC-2005-0774 FRANK LAFAZIO V CEDAR CREST NURSING CENTRE INC

| | | |
|---|---|---|
| 04-25-2006 | CASE CONT BY AGREEMENT | |
| 04-28-2006 | MEMO IN OPPOS TO MOT SUM JUDG | Affiliated: LAFAZIO, FRANK |
| 05-09-2006 | CASE CONT BY AGREEMENT | |
| 05-11-2006 | NOTICE TO TAKE DEPO FILED | |
| 05-12-2006 | COMPLETED | |
| 05-12-2006 | ORDR, MOT TO COMPL REQ PROD | GRANTEDHURST, J. |
| 05-12-2006 | ORDR, MTN CMPL ANS TO INTEROG | GRANTEDHURST, J. |
| 05-17-2006 | MOTION TO DISMISS | ALREADY SCHEDULEDTWO FILED |
| 05-22-2006 | OBJECTION FILED | TO MOR ON 5/31/06 |
| 06-01-2006 | ORDER TO ENTER | |
| 06-07-2006 | CONDIT' L ORDER OF DISMIS ENTR | MCGUIRL, J.2 FILED |
| 06-13-2006 | NOTICE TO TAKE DEPO FILED | Affiliated: ECOLAB |
| 06-14-2006 | PASSED | |
| 06-21-2006 | ORDER, MOT FOR SUM JUDGMENT | MCGUIRL, J - GRANTED, BUT DENIED WITH RESPECT TO MTN FOR RULE 11 SANCTIONS |
| 06-28-2006 | GRANTED | |
| 07-18-2006 | STIPULATION FILED | PLF HAS UNTIL AUG 15 TO ANSWER. |
| 08-15-2006 | ANSWERS TO INTEROGG FILED | BY PLF |
| 08-15-2006 | RESPONSE TO REQUEST FOR PROD | BY PLF |
| 09-28-2006 | MOTION TO APPEAR PRO HAC VICE | NOT TIMELY FILED<br>Affiliated: ECOLAB |
| 09-28-2006 | OTHER DOCUMENT | ATTORNEY CERTIFICATION FOR PRO HAC VICE ADMISSION |
| 09-29-2006 | MOTION TO APPEAR PRO HAC VICE | NO HEARING DATE |
| 10-05-2006 | OBJECTION FILED | TO MOTION FOR ADMISSION PRO HAC VICE – HEARING DATE PASSED<br>Affiliated: LAFAZIO, FRANK |
| 10-12-2006 | ORDER PRO HAC VICE GRANTED | INDEGLIA,J - RICHARD G MORGAN EDQ ADMITTED PRO HAC VICE |

Sch. A

STATE OF RHODE ISLAND
SUPERIOR COURT

CIVIL COVER SHEET

Case * (Filled in by Clerk's Office)
PC05-774

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office (R.P.3.11). If the case is a District Court appeal. The form must be filed with the appeal in the District Court and will be transferred with other documents to Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| FRANK LAFAZIO | CEDAR CREST CENTRE, ALIAS ETAL |

NATURE OF PROCEEDING — Check the applicable case type under main categories listed below. (check one only)

District Court Appeal ☐ Yes (check type below)

| | | |
|---|---|---|
| ☐ AGA Agency appeal | ☐ DPC Denial of probate claim | ☐ PRN Promissory note |
| ☐ ALA Alienation of affection | ☐ EXT Excessive tax | ☐ PDM Property damage |
| ☐ ANT Anti-trust | ☐ INR Injunctive relief | ☐ PDV Property damage / vehicle |
| ☐ ASB Assault and battery | ☐ IPL Interpleader | ☐ RLP Real property |
| ☐ BKA Book account | ☐ LIB Libel/slander | ☐ RIC Reinstate charter |
| ☐ CLA Common law assignment | ☐ MLE Malpractice/legal | ☐ DIN Recovery of damages/insurance |
| ☐ CLL Common law lien | ☐ MME Malpractice/medical | ☐ ROF Recovery of funds |
| ☐ CON Contract | ☐ MOT Malpractice/other | ☐ WOR Replevin, writ of |
| ☐ CNV Conversion | ☐ WOM Mandamus. Writ of | ☐ SPP Specific performance |
| ☐ CRC Criminal conversation | ☐ PRT Partition | ☐ TCO Title clearing (other than tax title) |
| ☐ CIC Criminal inj. compensation | ☒ PER Personal injury | ☐ TAE Trespass and ejectment |
| ☐ DOJ Debt on judgment | ☐ IDV Personal inj./property dam-vehicle | ☐ TRA Trustee/accounting |
| ☐ DTP Deceptive trade practice | ☐ PIV Personal injury-vehicle | ☐ TCT Trustee/appt convey title |
| ☐ DEJ Declaratory judgment | ☒ PRL Product liability | ☐ UNM Uninsured motorist |
| ☐ Other than above (specify type): | | ☐ WRD Wrongful death |

MISCELLANEOUS PETITIONS

| | | |
|---|---|---|
| ☐ ARA Arbitration award | ☐ TLF Foreclosure / tax lien | ☐ PFI Petition for immunity |
| ☐ CAR Arbitration /confirm | ☐ FOC Forfeiture of charter | ☐ PIN Pet for inventory (wire tap) |
| ☐ RTA Arbitration referral | ☐ GJI Grand jury investigation | ☐ PFR Petition for review |
| ☐ VAR Arbitration / vacate | ☐ HAC Habeas corpus | ☐ PTD Pet to take deposition |
| ☐ ACD Assessment of damages | ☐ MAW Material witness | ☐ PCR Post conviction relief |
| ☐ CND Condemnation | ☐ MEL Mechanics lien | ☐ REC Receivership |
| ☐ CFC Confirm compromise | ☐ OSW Out of state witness | ☐ R5A Rule 5A petition |
| ☐ DOC Dissolution of corp. | ☐ PFS Perform surgery | ☐ TCL Title clearing (tax title) |
| ☐ EDP End partnership | ☐ PFC Petition for constable | ☐ ACT Trustee / appointment of |
| ☐ FRR Forclosure of right redemption | ☐ PTE Petition to expunge | ☐ DOT Trustee / declination of |
| ☐ Other than above (specify type): | | ☐ AOS Trustee successor |

PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

☐ Other than above (specify type):

Is this a case that may require a trial for resolution? ☒ Yes ☐ No ☐ Not Sure

(Attorney name) CHRISTOPHER E. FAY, ESQ. 4651

SUPERIOR COURT
FILED
HENRY S. KINCH JR. CLERK
2005 FEB 10 A 9:21

True Copy Attest
2/10/05
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

FRANK LAFAZIO

VS.

CA NO: 05- 774

CEDAR CREST NURSING CENTRE, INC., ALIAS and/or JOHNSONDIVERSEY, INC., ALIAS and/or BEACON MUTUAL INSURANCE COMPANY, ALIAS and/or DOE CORPORATIONS I through X and/or JOHN DOE and/or JANE DOE I through X, ALIAS individually and as agents of Doe Corporations I through X and/or Cedar Crest Nursing Centre and/or JohnsonDiversey, Inc. and/or Beacon Insurance Company, Alias

## COMPLAINT

### PARTIES

1. Plaintiff, Frank Lafazio, is a resident of the City of Cranston, County of Providence, State of Rhode Island.

2. Defendant, Cedar Crest Nursing Centre, Inc., Alias is upon information and belief a corporation organized and existing in the State of Rhode Island and operating pursuant to Rhode Island Law.

3. Defendant, JohnsonDiversey, Inc., Alias is upon information and belief a foreign corporation authorized to do business in the State of Rhode Island and operating pursuant to Rhode Island Law.

4. Defendant, Beacon Mutual Insurance Company, is upon information and belief a casualty insurer organized and existing in the State of Rhode Island and operating pursuant to Rhode Island Law.

5. Defendants, Doe Corporations I through X whose identities are presently unknown, but expected to be revealed through discovery are upon information and belief, corporations and/or business entities with sufficient minimum contacts with the State of Rhode Island to establish an assertion of jurisdiction.

6. Defendants, John Doe and/or Jane Doe I through X, Alias whose identities are presently unknown, but expected to be revealed through discovery are upon information and belief individuals with sufficient minimum contacts with the State of Rhode Island to establish an assertion of jurisdiction and are being sued individually and as agents of Cedar Crest Nursing

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 FEB 16 A 9:21

A True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

Centre, Inc. and/or JohnsonDiversey, Inc. and/or Beacon Mutual Insurance Company and/or Doe Corporations I through X.

COUNT I

7. Plaintiff reasserts paragraphs one through six of his complaint as if fully set forth herein.

8. At all times material to this action, the Defendant(s) was/were engaged in the machinery business of designing, manufacturing, distributing and instructing the proper use of business equipment and placed it into the stream of commerce the machinery and/or equipment, which in the chain of sale and/or lease and/or use and/or ultimately came to the Defendant, Cedar Crest Nursing Centre, Inc., Alias.

9. The Defendant(s) at the time of the sale and/or lease and/or instructions of use and at all times relevant to this cause of action, expressly and/or impliedly warranted to Plaintiff that the machinery and/or equipment was merchantable and fit for the particular purpose for which it was intended.

10. At the time of the injuries described in this complaint, Plaintiff was operating the machinery and/or equipment in the normal and intended manner as instructed by Defendants for purposes ordinary to the use of the machinery and/or equipment.

11. Plaintiff was a member of that class of persons entitled to rely upon the implied warranties imposed by law upon the defendants.

12. The Defendant(s) breached those expressed and/or implied warranties in that the dishwasher at the time of the sale was, and at all times material to this action, was defective.

13. As a result of Defendant(s)' breach of warranties and the resulting occurrences referred to above, the Plaintiff suffered injuries incurring medical bills, pain and suffering and lost wages and/or lost earning capacity in amounts sufficient to establish the jurisdiction of the Superior Court.

WHEREFORE, Plaintiff demands judgment against Defendants plus interest, costs and attorneys fees.

COUNT II

14. Plaintiff reasserts paragraphs seven through thirteen of his complaint as if fully set forth herein.

15. The Defendants(s) at all times mentioned in this complaint negligently allowed said machinery and/or equipment to remain in a negligent condition.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

16. As a result of Defendant(s) negligence, the Plaintiff suffered injuries incurring medical bills, pain and suffering and lost wages and/or lost earning capacity in amounts sufficient to establish the jurisdiction of the Superior Court.

WHEREFORE, Plaintiff demands judgment against Defendants plus interest, costs and attorneys fees.

COUNT III

17. Plaintiff reasserts paragraphs thirteen through fifteen of his complaint as if fully set forth herein.

18. The Defendants(s) at all times mentioned in this complaint negligently operated and/or negligently permit said machinery and/or equipment to be operated or used by Plaintiff and/or failed to warn Plaintiff of negligent condition.

19. As a result of Defendant(s) negligence, the Plaintiff suffered injuries incurring medical bills, pain and suffering and lost wages and/or lost earning capacity in amounts sufficient to establish the jurisdiction of the Superior Court.

WHEREFORE, Plaintiff demands judgment against Defendants plus interest, costs and attorneys fees.

COUNT IV

20. Plaintiff reasserts paragraphs seventeen through nineteen of his complaint as if fully set forth herein.

21. The Defendants(s) at all times mentioned in this complaint failed to inspect, repair and/or maintain its premises and/or effects free from defect and/or dangerous condition causing the Plaintiff to suffer injuries incurring medical bills, pain and suffering and lost wages and/or lost earning capacity in amounts sufficient to establish the jurisdiction of the Superior Court.

WHEREFORE, the Plaintiff demands judgment against Defendants, plus interest, costs, and all other relief this Honorable Court deems just and proper.

FRANK LAFAZIA,
By Counsel,

FAY LAW ASSOCIATES, INC. by
Christopher E. Fay, Esq.#4651
915-917 Reservoir Avenue
Cranston, RI 02910
(401) 944-9600

**PLAINTIFF DEMANDS JURY TRIAL**

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

FRANK LAFAZIO

VS.

CA NO: 05-0774

CEDAR CREST NURSING CENTRE, INC., ALIAS and/or JOHNSONDIVERSEY, INC., ALIAS and/or ECOLAB, INC., ALIAS and/or DOE CORPORATIONS II through X and/or JOHN DOE and/or JANE DOE I through X, ALIAS individually and as agents of Doe Corporations II through X and/or Cedar Crest Nursing Centre and/or JohnsonDiversey, Inc. and/or Ecolab, Inc.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

PARTIES

1. Plaintiff, Frank Lafazio, is a resident of the City of Cranston, County of Providence, State of Rhode Island.

2. Defendant, Cedar Crest Nursing Centre, Inc., Alias is upon information and belief a corporation organized and existing in the State of Rhode Island and operating pursuant to Rhode Island Law.

3. Defendant, JohnsonDiversey, Inc., Alias is upon information and belief a foreign corporation authorized to do business in the State of Rhode Island and operating pursuant to Rhode Island Law.

4. Defendant, Ecolab, Inc., Alias is upon information and belief a foreign corporation authorized to do business in the State of Rhode Island and operating pursuant to Rhode Island Law.

5. Defendants, Doe Corporations II through X whose identities are presently unknown, but expected to be revealed through discovery are upon information and belief, corporations and/or business entities with sufficient minimum contacts with the State of Rhode Island to establish an assertion of jurisdiction.

6. Defendants, John Doe and/or Jane Doe I through X, Alias whose identities are presently unknown, but expected to be revealed through discovery are upon information and belief individuals with sufficient minimum contacts with the State of Rhode Island to establish an assertion of jurisdiction and are being sued individually and as agents of Cedar Crest Nursing Centre, Inc. and/or JohnsonDiversey, Inc. and/or Ecolab, Inc. and/or Doe Corporations II through X.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

COUNT I

7. Plaintiff reasserts paragraphs one through six of his complaint as if fully set forth herein.

8. At all times material to this action, the Defendant(s) was/were engaged in the machinery business of designing, manufacturing, distributing and instructing the proper use of business equipment and placed it into the stream of commerce the machinery and/or equipment, which in the chain of sale and/or lease and/or use and/or ultimately came to the Defendant, Cedar Crest Nursing Centre, Inc., Alias.

9. The Defendant(s) at the time of the sale and/or lease and/or instructions of use and at all times relevant to this cause of action, expressly and/or impliedly warranted to Plaintiff that the machinery and/or equipment was merchantable and fit for the particular purpose for which it was intended.

10. At the time of the injuries described in this complaint, Plaintiff was operating the machinery and/or equipment in the normal and intended manner as instructed by Defendants for purposes ordinary to the use of the machinery and/or equipment.

11. Plaintiff was a member of that class of persons entitled to rely upon the implied warranties imposed by law upon the defendants.

12. The Defendant(s) breached those expressed and/or implied warranties in that the dishwasher at the time of the sale was, and at all times material to this action, was defective.

13. As a result of Defendant(s)' breach of warranties and the resulting occurrences referred to above, the Plaintiff suffered injuries incurring medical bills, pain and suffering and lost wages and/or lost earning capacity in amounts sufficient to establish the jurisdiction of the Superior Court.

WHEREFORE, Plaintiff demands judgment against Defendants plus interest, costs and attorneys fees.

COUNT II

14. Plaintiff reasserts paragraphs seven through thirteen of his complaint as if fully set forth herein.

15. The Defendants(s) at all times mentioned in this complaint negligently allowed said machinery and/or equipment to remain in a negligent condition.

16. As a result of Defendant(s) negligence, the Plaintiff suffered injuries incurring medical bills, pain and suffering and lost wages and/or lost earning capacity in amounts sufficient to establish the jurisdiction of the Superior Court.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

WHEREFORE, Plaintiff demands judgment against Defendants plus interest, costs and attorneys fees.

COUNT III

17. Plaintiff reasserts paragraphs fourteen through sixteen of his complaint as if fully set forth herein.

18. The Defendants(s) at all times mentioned in this complaint negligently operated and/or negligently permit said machinery and/or equipment to be operated or used by Plaintiff and/or failed to warn Plaintiff of negligent condition.

19. As a result of Defendant(s) negligence, the Plaintiff suffered injuries incurring medical bills, pain and suffering and lost wages and/or lost earning capacity in amounts sufficient to establish the jurisdiction of the Superior Court.

WHEREFORE, Plaintiff demands judgment against Defendants plus interest, costs and attorneys fees.

COUNT IV

20. Plaintiff reasserts paragraphs seventeen through nineteen of his complaint as if fully set forth herein.

21. The Defendants(s) at all times mentioned in this complaint failed to inspect, repair and/or maintain its premises and/or effects free from defect and/or dangerous condition causing the Plaintiff to suffer injuries incurring medical bills, pain and suffering and lost wages and/or lost earning capacity in amounts sufficient to establish the jurisdiction of the Superior Court.

WHEREFORE, the Plaintiff demands judgment against Defendants, plus interest, costs, and all other relief this Honorable Court deems just and proper.

FRANK LAFAZIA,
By Counsel,

FAY LAW ASSOCIATES, INC. by
Christopher E. Fay, Esq. (#4651)
915-917 Reservoir Avenue
Cranston, RI 02910
(401) 944-9600

**PLAINTIFF DEMANDS JURY TRIAL**

**Andrew L. Alberino, III, Esq. is hereby appointed trial counsel**

A true Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

FRANK LAFAZIO

CA NO: 05-0774

VS.

CEDAR CREST NURSING CENTRE, INC., ALIAS and/or JOHNSONDIVERSEY, INC.., ALIAS and/or ECOLAB, INC., ALIAS and/or DOE CORPORATIONS II through X and/or JOHN DOE and/or JANE DOE I through X.

**ECOLAB INC.'S ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Ecolab Inc. (incorrectly identified as "Ecolab, Inc.," in the caption) by and through its counsel, responds to Plaintiff's First Amended Complaint as follows:

1. Denies each and every allegation in the Amended Complaint, except those allegations which are specifically admitted, qualified or otherwise answered herein.

2. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 2 and 3 of the Amended Complaint.

3.. As to the allegations paragraph 4 of the Amended Complaint, admits that Ecolab Inc. is a foreign corporation authorized to do business in the State of Rhode Island; lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

4. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5 and 6 of the Amended Complaint.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol

SUPERIOR COURT
FILED
06 JAN -6 PM 12: 25

**COUNT I**

5. As to paragraph 7 of the Amended Complaint, realleges its answers to those paragraphs of the Complaint realleged.

6. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 8, 9, 10 and 11 of the Amended Complaint.

7. Denies the allegations in paragraphs 12 and 13 of the Amended Complaint to the extent they pertain to Ecolab, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they pertain to some other defendant or non-party.

WHEREFORE, Ecolab Inc. prays for judgment dismissing the Amended Complaint with prejudice and on the merits and awarding it the costs and disbursements it has incurred herein.

**COUNT II**

8. As to paragraph 14 of the Amended Complaint, realleges its answers to those paragraphs of the Complaint realleged.

9. Denies the allegations in paragraphs 15 and 16 of the Amended Complaint to the extent they pertain to Ecolab, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they pertain to some other defendant or non-party.

WHEREFORE, Ecolab Inc. prays for judgment dismissing the Amended Complaint with prejudice and on the merits and awarding it the costs and disbursements it has incurred herein.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

**COUNT III**

10. As to paragraph 17 of the Amended Complaint, realleges its answers to those paragraphs of the Complaint realleged.

11. Denies the allegations in paragraphs 18 and 19 of the Amended Complaint to the extent they pertain to Ecolab, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they pertain to some other defendant or non-party.

WHEREFORE, Ecolab Inc. prays for judgment dismissing the Amended Complaint with prejudice and on the merits and awarding it the costs and disbursements it has incurred herein.

**COUNT IV**

12. As to paragraph 20 of the Amended Complaint, realleges its answers to those paragraphs of the Complaint realleged.

13. Denies the allegations in paragraph 21 of the Amended Complaint to the extent they pertain to Ecolab, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they pertain to some other defendant or non-party.

**AFFIRMATIVE DEFENSES**

1. Alleges that the Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Alleges that Plaintiff's damages, if any, were caused or contributed to by the negligence, fault, or other wrongful acts or omissions of persons or entities other than Ecolab over whom Ecolab has and had no control or right of

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

control and for whom Ecolab is not responsible.

3. Alleges that Plaintiff caused or contributed to his losses alleged and hence Plaintiff may not recover or, alternatively, Plaintiff may not recover fully.

4. Alleges that it is entitled to a setoff for all settlements and compensation that Plaintiff may have received, or may receive, as a result of the accident.

5. Alleges that Plaintiff's damages, if any, were caused or contributed to by the unforeseeable abuse, misuse, and/or substantial modification or alteration of the products at issue.

6. Alleges that Plaintiff failed to mitigate his damages, and hence may not recover any or, alternatively, may not recover all of the alleged damages.

7. Alleges that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or repose.

8. The plaintiff assumed the risk of any of his alleged injuries.

WHEREFORE, Ecolab Inc. prays for judgment dismissing the Amended Complaint with prejudice and on the merits and awarding it the costs and disbursements it has incurred herein.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

ECOLAB, INC.
By its attorney,

John M. Boland, Esquire #2945
Reynolds, DeMarco & Boland, Ltd.
170 Westminster Street
Suite 200
Providence, RI 02903
(401) 861-5522
Fax: (401) 331-4861

**THE DEFENDANT, ECOLAB INC., DEMANDS A JURY TRIAL.**

I hereby certify that on the 5th day of January, 2006, I mailed a copy of the within to Desiree M. Santilli, Esquire, Fay Law Associates, Inc., 917 Reservoir Avenue, Cranston, RI 02910 and Stephen B. Lang, Esquire, HIGGINS, CAVANAGH & COONEY, LLP, 123 Dyer Street, Providence, RI 02903.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

**BARBARA ANTONUCCI, Plaintiff, v. CHERRY HILL MANOR, CHERRY HILL NURSING HOME, LTD., LIFE CARE CENTERS OF AMERICA, INC., EDWARD J. MITSON, JR., in his official capacity, PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity, Defendants.**

**C.A. No. 06-108ML**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

***2006 U.S. Dist. LEXIS 65921***

**August 22, 2006, Decided**

**COUNSEL:** **[*1]** For Barbara Antonucci, Plaintiff: Carly B. Iafrate, Patricia E. Andrews, Providence, RI.

For Cherry Hill Manor, Defendant: Anthony J. DiOrio, Christopher J. Campbell, Jackson Lewis LLP, Providence, RI.

For Cherry Hill Nursing, LTD, Defendant: Anthony J. DiOrio, Jackson Lewis LLP, Providence, RI.

For Life Care Centers of America, Inc., d/b/a Cherry Hill Manor, Pamela Charron, in her personal and official capacity, Steve Haase, in his personal and official capacity, Defendants: Christopher J. Campbell, Jackson Lewis LLP, Providence, RI.

**JUDGES:** Mary M. Lisi, United States District Judge.

**OPINION BY:** Mary M. Lisi

**OPINION:**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand this action to Rhode Island Superior Court. For the reasons set forth below, Plaintiff's Motion is denied.

I. Background

The plaintiff in this case, Barbara Antonucci, was employed by the Cherry Hill Manor Nursing Home ("CHM") from 1986 until she was terminated in October 2004. In her Complaint, filed in Rhode Island Superior Court in October 2005, Plaintiff alleges she was the victim of age discrimination. Plaintiff pursues her claim solely under state law and not the Americans **[*2]** with Disabilities Act or other federal statutes. Plaintiff names as Defendants Life Care Centers of America, Inc. ("Life Care"), the entity which operates the nursing home, as well as two of her former supervisors, Pamela Charron and Steven Haase. Plaintiff also names Edward Mitson and Cherry Hill Nursing Home, Ltd. ("Cherry Hill") whom she identifies as the owners of CHM.

Defendants removed the case to this Court on March 8, 2006 on the basis of diversity jurisdiction. Defendants argue that Mitson and Cherry Hill, the sole Rhode Island Defendants, were fraudulently joined to defeat removal. Defendants assert that Mitson and Cherry Hill transferred their interest in CHM to Life Care in 1996; the evidence submitted in support of this assertion is a copy of a purchase and sale agreement between Cherry Hill and an entity named Cherry Hill Medical Investors Limited Partnership (Defs.' Mem. Obj. Mot. Remand Ex. A) and an affidavit from Life Care's corporate counsel swearing that Mitson and Cherry Hill transferred their interest in CHM to Life Care in 1996 (Defs.' Notice of Removal Ex. B).

On April 5, 2006, Plaintiff filed a Motion to Remand the case back to state court, insisting that [*3] the Rhode Island Defendants were legitimate parties to the action and that the failure to include them in the removal process rendered the removal defective.

A companion case, Ferruccio v. Cherry Hill Manor, No. 06-154 (D.R.I. July 6, 2006), was similarly filed in state court and removed to federal court. The defendants named in Ferruccio are exactly the same defendants named in this case, and the wrong complained of, age discrimination, spans the same period of time as that described in this case. On July 6, 2006, Magistrate Judge Lincoln D. Almond granted the Ferruccio plaintiff's motion to remand that action to state court. In his order, Magistrate Judge Almond explained that on the incomplete factual record he could not conclude as a matter of law that Mitson and Cherry Hill had been fraudulently

joined. With those two defendants still in the suit, there was not complete diversity. *28 U.S.C. § 1332*; *Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005)*. Moreover, the two challenged defendants had not joined in the removal efforts of the other defendants, violating the rule of unanimity. *Santa Rosa Med. Ctr., Inc. v. Converse of Puerto Rico, Inc., 706 F. Supp. 111, 113 (D.P.R. 1988)*. **[*4]** Therefore, Magistrate Judge Almond found that remand of the action back to state court was required.

After Magistrate Judge Almond's decision, the Defendants in this case submitted an affidavit from Mitson which attested to the transfer of interest in CHM that occurred in 1996. Mitson averred that his interest and that of Cherry Hill in CHM ended in 1996, and that neither he nor Cherry Hill has maintained any ongoing relationship with CHM. Plaintiff has not challenged these new facts.

With these supplemental facts in evidence, the Court considers the jurisdictional question anew. Plaintiff charges the Defendants with age discrimination in violation of the Rhode Island Fair Employment Practices Act ("FEPA"), *R.I. Gen. Laws § § 28-5-1* to -42, and the Rhode Island Civil Rights Act ("RICRA"), *R.I. Gen. Laws § § 42-112-1* to -2. Under FEPA, the statute of limitations is one year. *R.I. Gen. Laws § 28-5-17*. For a RICRA claim, Rhode Island's three-year residual statute of limitations for actions involving injuries to the person applies. *Rathbun v. Autozone, Inc., 361 F.3d 62, 70 (1st Cir. 2004)*. **[*5]** Therefore, because the Court acknowledges that Mitson and Cherry Hill were out of the picture after 1996, neither FEPA nor RICRA may be applied to conduct for which Mitson or Cherry Hill might be responsible.

Because Plaintiff's sole claims against Mitson and Cherry Hill are time-barred, no cause of action survives against them. Defendants' fraudulent joinder argument thereby gains some traction. The central question in a fraudulent joinder analysis concerns whether the joinder of the non-diverse party has a reasonable basis in law and fact. *Lawrence Builders, Inc. v. Kolodner, 414 F. Supp. 2d 134, 137 (D.R.I. 2006)*(citing *Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 67 (D.R.I. 2002))*. Fraudulent joinder describes any improper joinder, so a defendant need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden. *Lawrence Builders, 414 F. Supp. 2d at 137* (citing *Coughlin v. Nationwide Mut. Ins. Co., 776 F. Supp. 626, 628 n.3 (D. Mass. 1991))*. Because there is no reasonable basis in law and fact for Plaintiff's claims against Mitson and Cherry Hill, the Court finds they **[*6]** have been fraudulently joined. Accordingly, the Court will not consider them in analyzing diversity jurisdiction. *Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983)*.

Life Care is a Tennessee corporation with its principal place of business in Cleveland, Tennessee. Haase and Charron, the individual Defendants, are both Massachusetts residents. Plaintiff is a resident of Rhode Island. There is, therefore, complete diversity between Plaintiff and the remaining Defendants. The jurisdictional amount requirement of $ 75,000 is not an obstacle to removal, Plaintiff's arguments to the contrary notwithstanding. n1 Consequently, Plaintiff's Motion to Remand is denied.

n1 Plaintiff argues that Defendants have failed to allege sufficiently the $ 75,000 jurisdictional amount. Plaintiff claims $ 27,000 in lost wages as well as compensatory and punitive damages, attorneys' fees and costs, the total of which could easily exceed $ 75,000 if Plaintiff were to prevail at trial. Moreover, Plaintiff refused to stipulate that she would cap her damages at $ 75,000. See *Satterfield v. F.W. Webb, Inc., 334 F. Supp. 2d 1, 4 (D. Me. 2004)*.

**[*7]**

Furthermore, pursuant to *Rule 21 of the Federal Rules of Civil Procedure*, the Court orders the dismissal of Mitson and Cherry Hill as Defendants in this action. *Fed. R. Civ. P. 21* ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."); *Lawrence Builders, 414 F. Supp. 2d at 138* (citing *Covington v. Indemnity Ins. Co. of N. Am., 251 F.2d 930, 934 (5th Cir. 1958)*(affirming trial court's *sua sponte* dismissal of defendant found to have been fraudulently joined to defeat federal jurisdiction)).

II. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED and all counts against Mitson and Cherry Hill are DISMISSED.

SO ORDERED:

Mary M. Lisi
United States District Judge
August 22, 2006

 Exh. E

C. Vincent Fay

Kara M. Fay
Member RI, MA, MN & Fed. Bars

Christopher E. Fay
Member RI & Fed. Bars

Andrew L. Alberino, III
Member RI, CT & Fed. Bars

Fay Law Associates, Inc.
917 Reservoir Avenue
Cranston, R.I. 02910-4436
(401) 944-9600
Fax (401) 942-7670

Michael A. DelSignore
Member RI, MA & Fed. Bars

William Elderkin, Jr.
Member RI Bar

Mark T. Fay
Claims Administrator

December 1, 2004

Ms. Susan K. Whipple
President
Cedar Crest Nursing Center
125 Scituate Avenue
Cranston, RI 02920

Re: Our Client: Frank Lafazio
Date of Loss: 2/17/02

Dear Ms. Whipple:

As you are aware, this office represents Mr. Lafazio for injuries suffered as a result of a faulty and/or poorly maintained power dishwasher on the aforementioned date. Enclosed are copies of the specials along with my evaluation and demand. Please review and contact me at your convenience to discuss.

Medicals:

| | |
|---|---|
| Cranston Rescue: | $300.00 |
| Rhode Island Hospital e/r: | $26000.00 |
| Donnelly Center p/t: | $5000.00 |
| Total Medicals: | $31300.00 |

Lost Wages:

| | |
|---|---|
| 52 weeks x 500/wk: | $36000.00 |

Pain, Suffering and Disability:

| | |
|---|---|
| Total: 52 wks. At $1000. per wk. (2/17/02 to 2/17/03): | $52000.00 |

| | |
|---|---|
| Partial: 52 wks. At $600. per wk. (2/17/03 to 2/17/04): | $30200.00 |
| Initial Trauma: | $250000.00 |
| Residuals: | $250000.00 |
| Total Pain, suffering and disability: | $582200.00 |
| Total Claim: | $649500.00 |

Very truly yours,

Christopher E. Fay

CEF:gb
Enc.