UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FRANK LAFAZIA, JR.,

Plaintiff

Court File No. CA 06-491ML

VS.

ECOLAB INC.,

Defendant

**PLAINTIFF, FRANK LAFAZIA'S MEMORANDUM IN OPPOSITION TO DEFENDANT, ECOLAB INC.'S, NOTICE OF REMOVAL**

Plaintiff, Frank Lafazia, Jr., by and through undersigned counsel, hereby Objects to Defendant, Ecolab Inc.'s, Notice of Removal, and refers to the Memorandum of Law attached hereto.

Frank Lafazia Jr.,
By his attorney,

William Elderkin

Kara M. Fay, Esq. #4413
William Elderkin, Jr., Esq. #6837
917 Reservoir Avenue
Cranston, RI 02910
(401)944-9600
(401)942-7670 *fax*

I hereby certify that on the 22nd day of November 2006 I mailed a copy of the within to John M. Boland, Esq., Reynolds, DeMarco, & Boland, Ltd., 170 Westminster St., Suite 200, Providence, RI 02903.

William Elderkin

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

FRANK LAFAZIA, JR.,

Court File No.________________

Plaintiff

VS.

ECOLAB INC.,

Defendant

**PLAINTIFF, FRANK LAFAZIA'S MEMORANDUM IN OPPOSITION TO DEFENDANT, ECOLAB INC.'S, NOTICE OF REMOVAL**

Plaintiff, Frank Lafazia, Jr., by and through undersigned counsel, hereby Objects to Defendant, Ecolab Inc.'s, Notice of Removal, and would state as follows:

## I. FACTUAL BACKGROUND

This action arises out of a work related incident which occurred on or about February 17, 2002 at the Cedar Crest Nursing Centre, Inc., (hereinafter referred to as "Cedar Crest") in Cranston, RI. The incident occurred when the Plaintiff, Frank Lafazia, Jr. (hereinafter referred to as "Lafazia"), was scraping plates into the garbage disposal unit connected to a dishwasher at Cedar Crest, his employer at the time. While doing so, Lafazia rested his left hand/arm on a metal counter connected to the dishwasher and as he bent over to reach under the unit to turn-on the garbage disposal unit (where the on/off switch was located) he was electrocuted, suffering severe injuries to his left arm.

Suit was filed in the Providence County Superior Court on February 16, 2005, naming Cedar Crest Nursing Centre, Inc., Johnson Diversey, Inc., and Beacon Mutual Insurance Company as Defendants. On May 31, 2005, pursuant to a Stipulation of Dismissal, Cedar Crest was dismissed from the suit after a settlement had been reached.

On November 22, 2005, Plaintiff filed an Amended Complaint adding Defendant, Ecolab Inc. (hereinafter "Ecolab"), however the case caption kept the original parties to the action included, with the exception of Beacon Mutual Insurance Company (the Defendant Cedar Crest's worker's compensation carrier).

Subsequently, on June 28, 2006, Defendant, Johnson Diversey, was dismissed pursuant to an order of Summary Judgment in favor of the Defendant. This left Ecolab the only active Defendant in the suit at over fourteen months after the original filing of the complaint, and over seven months after Ecolab was added to the suit.

## II. ARGUMENT

The Defendant, Ecolab, here has mischaracterized the action of Plaintiff keeping the original case caption in place in the Providence Superior Court as "fraudulent joinder," and relies upon *Antonucci v. Cherry Hill Manor,* 2006 U.S. Dist. Lexis 65921 (D.R.I. 2006). However, there are two key distinctions between *Antonucci* and the instant case: first, in *Antonucci*, the Notice of Removal was filed within one year from the filing of the original complaint, or "within thirty days after the receipt by the defendant, through service or otherwise, of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." 28 USC §1446(b); and secondly, the Defendants which had been fraudulently joined in *Antonucci* were actually still parties to the action at the time the Notice of Removal was filed with this Honorable Court.

The Plaintiff here does not dispute that the case, on June 28, 2005, became removable to this Honorable Court pursuant to 28 USC §1441. Nor does Plaintiff contest the fact that Defendant, Ecolab, would have been entitled to thirty days from November

22, 2005 (when they were added to, and served with the Amended Complaint file in the Providence County Superior Court) to file a Notice of Removal. It *is* Plaintiff's contention that Ecolab is barred from now filing its Notice of Removal based on the fact that the thirty days has run, and that it is well beyond the one year mark from the "commencement of the action." 28 USC §1446(b).

Ecolab should be barred from raising the argument of fraudulent joinder at this late phase in the process because the Defendant, Cedar Crest, was not actually joined in this action, and a simple review of the Providence County Superior Court file would have revealed that fact to Ecolab back on November 22, 2005, when they received notice of the Amended Complaint. Now, after nearly one full year of sitting on their laurels, does Ecolab actually review the file, and discover that the action would have been removable.

Ecolab further argues that there is no basis in law or fact for Cedar Crest to be joined, and Plaintiff would agree, and that is why that Defendant was dismissed out by stipulation on May 31, 2005. Said Stipulation was filed with the Clerk of the Superior Court in Providence County, making it a public record, and putting Ecolab on constructive notice of said Stipulation's existence. This argument is further bolstered by the fact that Ecolab was brought into the instant action at a later date November 22, 2005), and one would think that a review of the court file would be necessary to bring Ecolab up to speed as to the status of the action. This review, however, never occurred, and "as with any dispute over removal, all doubts are to be resolved against removal." *Cordle v. Merck & Co., Inc.* 405 F.Supp.2d 800, 802 (E.D. Ky. 2005), *citing Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999).

## III. CONCLUSION

For the reasons stated above: Ecolab has not timely filed its Notice of Removal, because Cedar Crest was not, in fact, fraudulently joined as a party to this action, and because Ecolab was on constructive notice of Cedar Crest's dismissal from this action on May 31, 2005; this action is not removable from the Providence County Superior Court pursuant to 28 USC §1441, and therefore should be remanded.

Frank Lafazia Jr.,
By his attorney,

Kara M. Fay, Esq. #4413
William Elderkin, Jr., Esq. #6837
917 Reservoir Avenue
Cranston, RI 02910
(401)944-9600
(401)942-7670 *fax*

I hereby certify that on the 22nd day of November 2006 I mailed a copy of the within to John M. Boland, Esq., Reynolds, DeMarco, & Boland, Ltd., 170 Westminster St., Suite 200, Providence, RI 02903.