UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FRANK LAFAZIA, JR. | : | |
| | : | |
| vs. | : | C.A. No. 06-491ML |
| | : | |
| ECOLAB, INC. | : | |

DEFENDANT, ECOLAB, INC.'S, OBJECTION TO MOTION TO REMAND

Now comes the defendant, Ecolab, Inc., and objects to plaintiff's motion to remand and memorandum in opposition. The defendant attaches hereto and makes part of this objection a memorandum in support of its position.[1]

Respectfully submitted,

/s/ John M. Boland

John M. Boland, Esquire #2945
REYNOLDS, DeMARCO &
BOLAND, LTD.
170 Westminster Street, Suite 200
Providence, RI 02903
(401) 861-5522
Fax: (401) 331-4861

CERTIFICATE OF SERVICE

I, John M. Boland, hereby certify that on the 4th day of December, 2006, a copy of the foregoing document was served on Kara M. Fay, Esquire, Fay Law Associates, Inc., 917 Reservoir Avenue, Cranston, RI 02910 and Stephen B. Lang, Esquire, HIGGINS, CAVANAGH & COONEY, LLP, 123 Dyer Street, Providence, RI 02903.

/s/ John M. Boland
John M. Boland

[1] Although Plaintiff does not title his submission "Motion to Remand," Plaintiff asks the Court to remand this case.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FRANK LAFAZIA, JR.,

Plaintiff,

vs.

ECOLAB INC.,

Defendant.

Court File No. 06-491 ML

**ECOLAB INC.'S RESPONSE TO PLAINTIFF FRANK LAFAZIA'S MEMORANDUM IN OPPOSITION TO NOTICE OF REMOVAL**

Defendant Ecolab Inc. responds to Plaintiff's Memorandum in Opposition to Defendant Ecolab Inc.'s Notice of Removal. [2]

## INTRODUCTION

Plaintiff bases his "Memorandum in Opposition" to Ecolab's removal upon a distorted view of the facts and removal doctrine. Plaintiff's Opposition—more accurately a "motion to remand"—lacks merit both factually and legally, and should be denied in its entirety.

From the beginning of this case, Plaintiff has played fast and loose in pleading his personal injury claims arising out of an alleged electrical shock. First, in his original Complaint, Plaintiff brought claims against his employer Cedar Crest Nursing Centre and the workers' compensation insurance company Beacon Hill Mutual Insurance, despite having previously settled all claims against both companies. Then when Plaintiff filed his Amended Complaint, adding Ecolab as a defendant, he continued his claims against resident Cedar Crest Nursing Centre, effectively destroying diversity, despite having dismissed Cedar

[2] Although Plaintiff does not title his submission "Motion to Remand," Plaintiff asks the Court at page 4 of his "Opposition" to remand the case, and therefore Ecolab will treat Plaintiff's submission as though it were a motion to remand.

Crest six months before amending his pleading. He discontinued all claims against Beacon Hill Mutual Insurance Company, but very clearly pled premises liability claims against Cedar Crest at Count IV in his Amended Complaint.

In his motion, Plaintiff admits that he never intended to name Cedar Crest Nursing Centre in his Amended Complaint, that it was a mistake. At page 3 of his motion, Plaintiff concedes that he improperly joined Cedar Crest Nursing Centre in his Amended Complaint (he admits "there is no basis in law or fact for Cedar Crest to be joined"). Fortunately, Ecolab discovered the fraudulent joinder on November 1, 2006, just three weeks before its one-year removal deadline, and promptly removed the case to this Court. Ecolab timely removed the case within 28 U.S.C. §1446(b)'s deadlines.

Despite Plaintiff's fraudulent pleading, however, he now begs the Court to remand the case. Plaintiff mistakenly contends that Ecolab's removal is untimely. Rather than admitting to his mistakes, Plaintiff blames Ecolab for "sitting on [its] laurels," not sooner discovering Plaintiff's fraudulent joinder of resident Cedar Crest Nursing Centre.

Plaintiff's cavalier pleading practices created the situation in which the Court finds the parties; he should not benefit from his negligent or intended deception. For these reasons, Ecolab respectfully requests the Court deny Plaintiff's motion to remand.

## FACTUAL BACKGROUND

Plaintiff's motion presents a largely incomplete and inaccurate summary of the facts leading up to their request to remand. The sequence of events, of Plaintiff's own doing, militates against remand:

| | |
|---|---|
| February 16, 2005 | Plaintiff files Complaint against Cedar Crest Nursing Centre, Beacon Hill Mutual Insurance, and Johnson Diversey. Plaintiff does not name Ecolab as a defendant. |
| May 31, 2005 | Unbeknownst to Ecolab, Plaintiff dismisses Cedar Crest Nursing Centre "by stipulation." |
| November 22, 2005 | Plaintiff serves Amended Complaint on Ecolab, making claims against defendants Ecolab, Cedar Crest Nursing Centre, and Johnson Diversey; discontinuing all claims against Beacon Hill Mutual Insurance. |
| November 1, 2006 | Noticing the one-year removal deadline approaching, Ecolab's counsel contacts the Providence Superior Court Clerk to investigate the status of resident defendant Cedar Crest Nursing Centre. |
| November 3, 2006. | Ecolab's counsel obtains certified copy of state court docket, discovering for the first time that Plaintiff dismissed Cedar Crest Nursing Centre on May 31, 2005. |
| November 14, 2006. | Ecolab removes the case to federal district court. |
| November 22, 2006. | Ecolab's one-year removal deadline. |

As these facts make clear, the delay in removal resulted from Plaintiff's pleading missteps, not from any lack of diligence or good faith by Ecolab. On the contrary, Ecolab has acted timely, promptly, and in good faith at all stages in the proceedings.

**<u>LAW AND ARGUMENT</u>**

The procedure for removal is set forth in 28 U.S.C. § 1446. A party seeking removal based on diversity of citizenship must comply with two time restrictions. First, if the case is initially removable, the defendant must file a notice of removal within 30 days of service of the summons and complaint. If the case is not removable based upon the initial pleading, then the case must be removed within 30 days of ascertaining that the case is removable. Second, when diversity of citizenship is the basis of removal, the case must be removed within one year after service of process against the removing defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (service of process is the *sine qua non* to depriving a defendant's removal rights).

**I. ECOLAB TIMELY REMOVED THE CASE WITHIN THIRTY DAYS OF DISCOVERING THE FRAUDULENT JOINDER.**

"Fraudulent joinder" is a term of art not requiring proof of outright fraud. *Lawrence Builders, Inc. v. Kolodner*, 414 F. Supp. 2d 134, 137 (D.R.I. 2006). Fraudulent joinder describes any improper joinder; a defendant need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden. *Id.* For this reason, it does not matter whether Plaintiff mistakenly pled claims against Cedar Crest Nursing Centre in the Amended Complaint or whether Plaintiff purposefully alleged the claims to defeat diversity. What matters is that the pleading ***on its face*** was not removable when Plaintiff served Ecolab on November 22, 2005.

To prevent unfair forum manipulation, 28 U.S.C. §1446(b) affords defendants one year to remove a case based on diversity jurisdiction, where as here the case was not initially removable. Under §1446(b), Ecolab must remove the case within thirty days of discovering the fraudulent joinder, but under no circumstances beyond the one-year provision. *Jernigan v Ashland Oil*, 989 F.2d 812 (5th Cir. 1993), *cert den* 510 U.S. 868, 126 L.Ed. 2d 150, 114 S.Ct 192 (30-day removal period commences when defendant first discovers fraudulent joinder). Accordingly, Ecolab's removal was timely.

At page 3 of his motion, Plaintiff concedes that "there is no basis in law or fact for" recovery against Cedar Crest Nursing Centre. As such, Plaintiff admits that Cedar Crest Nursing Centre is not a proper defendant. Despite this admission, Plaintiff continued his claims against Cedar Crest Nursing Centre in his Amended Complaint. Regardless of Plaintiff's motives, under this Court's decision in *Lawrence Builders, Inc. v. Kolodner*, 414 F. Supp. 2d 134, 137 (D.R.I. 2006), Cedar Crest Nursing Centre was "fraudulently joined" to the Amended Complaint.

Plaintiff argues that Ecolab should have discovered the fraudulent joinder more quickly, suggesting that it had a duty to investigate the state court file within 30 days of service of process to determine whether Cedar Crest Nursing Centre had been previously dismissed by Plaintiff. Had Ecolab followed Plaintiff's suggestion, and performed the "simple review" suggested by Plaintiff at page 3 of his motion, the result would be the same. Ecolab would have discovered that Plaintiff dismissed Cedar Crest Nursing Centre on May 31, 2005, and then

***renamed*** Cedar Crest as a defendant in the Amended Complaint filed on November 22, 2005. Because Plaintiff dropped his claims against Beacon Hill Mutual Insurance and continued them against Cedar Crest, this suggests that Plaintiff believed he still had a legally cognizable claim against Cedar Crest.

But more importantly, Plaintiff cites no case holding that a newly added defendant has a duty to scour a court file to discover a plaintiff's pleading errors, fraudulent or otherwise. On the contrary, where as here a plaintiff very plainly asserts claims in his complaint against both resident and nonresident defendants, a defendant is justified in relying on the veracity of the pleadings, at least until information surfaces through discovery suggesting no basis for relief against the resident defendant. Indeed, the defendant would be subject to sanctions for removing a case in which diversity jurisdiction very plainly does not exist.

Plaintiff contends at page 2 of his motion that he simply restated "the original case caption" when he filed his Amended Complaint. This argument is also incorrect. In his Amended Complaint, Plaintiff carefully deleted all references to defendant Beacon Hill Mutual Insurance—from the caption and the pleadings—yet continued claims against Cedar Crest Nursing Centre. He cannot, therefore, be heard to argue that he simply carried forward the same caption.

The Supreme Court has made clear that "it must appear, to make the case a removable one . . ., that the discontinuance [as to resident defendants] . . . has taken the resident defendants out of the case, so as to leave a controversy

wholly between the plaintiff and the nonresident defendant." *American Car & Foundry Co. v. Kettelhake*, 35 S.Ct. 355, 356, 236 U.S. 311, 59 L.Ed. 594 (1915). In this case, Plaintiff's actions did not clearly take Cedar Crest Nursing Centre out of the case. Ecolab's confusion and delay was caused by Plaintiff's mistaken pleadings.

Plaintiff's motion to remand jockeys for tactical advantage, which is precisely the type of manipulation the removal statutes and the law of this Court abhor. Jockeying and manipulation should not be condoned, particularly when, the fraudulent joinder and mistaken pleadings occurred through no fault of the defendant.

## II. ECOLAB TIMELY REMOVED THE CASE WITHIN ONE YEAR FROM THE DATE PLAINTIFF SERVED PROCESS UPON ECOLAB.

Plaintiff commenced his action against Ecolab on November 22, 2005, by filing the Amended Complaint and serving process upon Ecolab. On the face of the Amended Complaint, there was not complete diversity and the case was not initially removable. §1446(b) affords Ecolab one year to remove the case should it later become removable. Under §1446(b)'s one-year provision, Ecolab had until November 22, 2006 to remove the case. Ecolab timely removed the case on November 14, 2006.

Arguing that Ecolab's removal was untimely because it was completed more than one year after Plaintiff first served the ***original complaint*** on the now-dismissed defendants, Plaintiff relies upon a mistaken understanding of removal doctrine. Under *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the Supreme Court makes clear that Ecolab's removal deadlines run from

the date Plaintiff ***served process upon Ecolab***. Plaintiff cannot deprive non-resident Ecolab its fundamental right to federal court jurisdiction through pleading gamesmanship or manipulation.

In *Murphy Bros.*, the Supreme Court addressed whether "the named defendant must be officially summoned to appear in the action before the time to remove begins to run." 526 U.S. at 347. In that case, the plaintiff argued that the defendant's removal was untimely because it was completed more than 44 days after the defendant received a courtesy copy of the complaint, but within 30 days after formal service of process on the defendant. *Id*. The District Court rejected the plaintiff's argument, holding that service of process is required to start the time for removal. *Id*. at 349. The Eleventh Circuit reversed, holding that the time for removal started when the defendant received the courtesy copy of the complaint. The Supreme Court, however, reversed the Eleventh Circuit's judgment and held that the time for removal does not commence until service of process is completed, regardless of when the defendant receives the summons or complaint. *Id*. at 350-51 (citations omitted).

"The purpose of the one year bar is to prevent removal where substantial progress on the case has been made in state court. It was not intended to destroy the right of removal for out of state defendants." *Saunders v. Wire Rope Corp.*, 777 F. Supp. 1281, 1285 (D. Va. 1991) (declining to strictly enforce the one-year limit); *see also Greer v. Skilcraft*, 704 F. Supp. 1570, 1583 (N.D. Ala. 1989) (removal allowed more than three years after filing original complaint); *Kite v. Richard Wolf Medical Instruments Corp.*, 761 F. Supp. 597 (S.D. Ind. 1989)

(removal allowed more than three years after filing original complaint). Despite the age of the case, the parties have conducted very little discovery in Rhode Island state court. Ecolab served written discovery requests on Plaintiff, Plaintiff provided limited answers, and the parties conducted one records-custodian deposition, but nothing else. Ecolab has requested Plaintiff's deposition on numerous occasions, but Plaintiff's counsel advises that they cannot locate their client, and therefore cannot present him for a deposition.

In *Murphy Bros.*, the Supreme Court makes clear that a defendant's right to removal begins to run from the service of process upon that defendant. Plaintiff served process upon Ecolab on November 22, 2005. Accordingly, §1446(b)'s one-year provision expired on November 22, 2006. Ecolab timely removed the case on November 14, 2006, less than a year after the commencement of the action against Ecolab.

**CONCLUSION**

Ecolab timely and properly removed this case to this Court in accordance with the removal statutes and rules. Under *Murphy Bros.*, the one-year deadline for removal did not commence until Plaintiff served process on Ecolab. Under *Lawrence Builders*, once it discovered the fraudulent joinder of Cedar Crest Nursing Centre, Ecolab timely filed and served its notice of removal within 30 days thereafter. Accordingly, Ecolab respectfully requests the Court to deny Plaintiff's motion in its entirety.

Dated: December 4, 2006.

Respectfully Submitted,

/s/ John M. Boland

John M. Boland (#2945)
Reynolds, DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903
Tel. (401) 861-5522
Fax (401) 331-4861

**ATTORNEYS FOR ECOLAB INC.**

**CERTIFICATE OF SERVICE**

I, John M. Boland, hereby certify that a true copy of the foregoing document was served by U.S. Mail, postage prepaid, on December 4, 2006, to Kara M. Fay, Esquire, Fay Law Associates, Inc., 917 Reservoir Avenue, Cranston, RI 02910 and Stephen B. Lang, Esquire, Higgins, Cavanagh & Cooney, LLP, 123 Dyer Street, Providence, RI 02903.

/s/ John M. Boland
John M. Boland