UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FRANK LAFAZIA, JR. | : | |
| | : | |
| v. | : | C.A. No. 06-491ML |
| | : | |
| ECOLAB, INC. | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination is Plaintiff's Motion to Remand[1] this action to the Rhode Island Superior Court for Providence County pursuant to 28 U.S.C. § 1447(c). 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). See also Delta Dental of Rhode Island v. Blue Cross & Blue Shield of Rhode Island, 942 F. Supp. 740 (D.R.I. 1996) (holding that a motion to remand is a non-dispositive matter within the meaning of 28 U.S.C. § 636(b)(1)(A)). Neither party has requested oral argument or an evidentiary hearing, (LR Cv 7(e)), and this Court concludes that none is necessary. For the reasons stated below, Plaintiff's Motion to Remand (Document No. 5) is DENIED.

**Background**

This case arises out of a workplace accident which occurred on February 17, 2002. Plaintiff was an employee of Cedar Crest Nursing Centre, Inc. ("Cedar Crest"), a nursing home located in Cranston, Rhode Island. He was allegedly injured in a workplace accident by electrocution while operating a garbage disposal and dishwasher.

[1] Plaintiff's filing (Document No. 5) entitled "Memorandum in Opposition to Notice of Removal" has been treated by the Court as a Section 1447(c) Motion to Remand.

Plaintiff filed suit in Superior Court on February 16, 2005 against his employer, Cedar Crest; Cedar Crest's workers' compensation insurer, Beacon Mutual Insurance Co. ("Beacon"); and Johnson Diversey, Inc., apparently a vendor of kitchen cleaning equipment and/or systems to Cedar Crest. Since Cedar Crest and Beacon are Rhode Island corporations, there was not complete diversity, and the case was not initially removable.

According to the Superior Court Civil Docket Sheet, Plaintiff settled his claims as to Cedar Crest on May 31, 2005 and as to Beacon on June 28, 2005. It does not appear, however, that Plaintiff actually had any viable claims to settle in Superior Court as to these defendants. Under Rhode Island law, it is clearly established that an employee's "exclusive" remedy for a work-related injury against his employer (and workers' compensation insurer) is a claim under Rhode Island's Workers' Compensation Act subject to the sole jurisdiction of the Workers' Compensation Court. See R.I. Gen. Laws §§ 28-29-20; Hornsby v. Southland Corp., 487 A.2d 1069, 1072 (R.I. 1985) (the exclusivity clause is "intended to preclude any common-law action against an employer" for a workplace injury).

Subsequent to the dismissal of Cedar Crest and Beacon, Plaintiff filed a First Amended Complaint adding Ecolab, Inc. ("Ecolab") as a defendant. Ecolab is apparently also a vendor of kitchen cleaning equipment and/or systems to Cedar Crest. Plaintiff, however, did not remove Cedar Crest from the caption of the First Amended Complaint. In addition, both Plaintiff's Complaint and First Amended Complaint lump all of the Defendants together for pleading purposes, and the First Amended Complaint contains a premises liability claim in Count IV which one would reasonably assume is directed at Cedar Crest since the injury allegedly occurred in its facility.

On June 21, 2006, the Superior Court granted summary judgment against Plaintiff as to his claims against Johnson Diversey, Inc. Thus, as of that time, it appears that Ecolab was the only true defendant remaining in the action. However, as noted above, Plaintiff's First Amended Complaint identifies Cedar Crest, a non-diverse defendant, as a party and contains a premises liability count (Count IV) which could only reasonably be directed at Cedar Crest. Thus, it was far from clear at that point if Cedar Crest was or was not still a party to this case and if there were proper grounds for removal.

**Discussion**

Section 1446(b), 28 U.S.C., provides that:

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant...of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, <u>except that a [diversity] case may not be removed...more than 1 year after commencement of the action</u>.

(emphasis added). In this case, the initial Complaint was not removable since it included two Rhode Island corporations (Cedar Crest and Beacon) as named Defendants. Further, since this case was "commenced" on February 16, 2005, <u>see</u> R.I. Super. Ct. R. Civ. P. 3 (a civil action is "commenced" "by filing a complaint with the court together with payment of" the filing fee), the one-year removal period expired on February 15, 2006. Since Ecolab did not remove this action until November 14, 2006, the removal was untimely.

Ecolab seeks to invoke the doctrine of fraudulent joinder to avoid strict application of Section 1446(b)'s one-year prohibition. The one-year prohibition "on removal was enacted [in 1988] to

prevent removal of a case wherein substantial progress had been made in state court." Ardoin v. Stine Lumber Co., 298 F. Supp. 2d 422, 428 (W.D. La. 2003); see also Saunders v. Wire Rope Corp., 777 F. Supp. 1281, 1283 (E.D. Va. 1991) ("The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court.").

While some courts have strictly applied the one-year prohibition, others have held that it is subject to "equitable exception" in appropriate cases. See, e.g., Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003); see also Elsholtz v. Taser Int'l, Inc., 410 F. Supp. 2d 505 (N.D. Tex. 2006) (applying "equitable tolling" to permit an untimely removal). Additionally, some courts have held that "the one year limit on removal of diversity cases does not apply to cases involving fraudulent joinder." Hardy v. Ajax Magnathermic Corp., 122 F. Supp. 2d 757, 759 (W.D. Ky. 2000); see also Ritchey v. Upjohn Drug Co., 139 F.3d 1313 (9th Cir. 1998) (untimely removal permitted where Court held that non-diverse parties were fraudulently joined for diversity and removal purposes). "It appears that the First Circuit has not directly addressed th[e] question" of whether the one-year prohibition is absolute or subject to equitable exception or tolling. Ophnet, Inc. v. Lamensdorf, No. 05-10970-DPW, 2005 WL 3560690 at *2 n.3 (D. Mass. Dec. 27, 2005). Regardless of how it is labeled, the unique facts of this case cry out for some form of equitable relief from the one-year prohibition.

As to fraudulent joinder, Ecolab relies on Chief Judge Mary M. Lisi's recent decisions in Lawrence Builders, Inc. v. Kolodner, 414 F. Supp. 2d 134 (D.R.I. 2006); and Antonucci v. Cherry Hill Manor, C.A. No. 06-108ML, 2006 WL 2456488 (D.R.I. Aug. 22, 2006). In Lawrence Builders, Chief Judge Lisi found fraudulent joinder because (1) the complaint included no claims against the

resident defendant; and (2) there was direct evidence that the resident defendant was told by plaintiff's attorney that he was named as a defendant solely to keep the case out of federal court. Similarly, in Cherry Hill Manor, Chief Judge Lisi found fraudulent joinder due to the absence of a "reasonable basis in law and fact" for plaintiff's claims against two non-diverse defendants.

Here, the burden is on Ecolab to prove fraudulent joinder, and it has met that burden. Lawrence Builders, 414 F. Supp. 2d at 137. See also In re Maine Asbestos Cases, 44 F. Supp. 2d 368, 372 (D. Me. 1999) (party claiming fraudulent jointer must "prove to a legal certainty that, at the time of filing the complaint, no one familiar with the applicable law could reasonably have thought, based on the facts that the pleader knew or should have known at the time, that a cause of action against the resident defendant could ultimately be proven."). "Fraudulent joinder describes any improper joinder, so a defendant need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden." Cherry Hill Manor, 2006 WL 2456488 at *2. It appears to a legal certainty that no cause of action in Superior Court ever existed against Cedar Crest or Beacon due to the workers' compensation exclusivity doctrine. See Cook v. Pep Boys-Mannie, Moe & Jack, Inc., 641 F. Supp. 43 (E.D. Pa. 1985) (joinder of injured worker's employer as a non-diverse defendant in a state court personal injury suit arising out of a work-related accident was "fraudulent joinder" due to employer's immunity from suit arising out of state workers' compensation "exclusivity" law). Thus, Cedar Crest and Beacon were fraudulently joined parties.

The bottom line is that this case would have been removable from its commencement but for the presence of two fraudulently joined parties, i.e., Cedar Crest and Beacon, who are immune from suit in Superior Court due to workers' compensation exclusivity. By continuing to identify Cedar

Crest, after its dismissal in Superior Court, as an active Defendant in his First Amended Complaint, Plaintiff falsely led Ecolab to believe that this was not a diversity case because Cedar Crest is a Rhode Island corporation operating a nursing home in Rhode Island. It is unclear whether this is a case of procedural gamesmanship to prevent removal or if Plaintiff has received an unintended benefit from sloppy pleading.[2] Either way, this Court concludes that it would be inequitable to deprive Ecolab of its right to remove this case on diversity grounds on these unique facts. See Linnin v. Michielsens, 372 F. Supp. 2d 811, 825 (E.D. Va. 2005) (Noting that practice of fraudulent joinder to prevent timely removal "greatly disturbs" the Court and that "clever pleading" or "good lawyering should not defeat good judging, which requires a court to call things as it sees them.").

Although it took nearly two years to sort out, this case was always, at its core, a products liability/negligence diversity claim by Plaintiff against Ecolab. As discussed, Beacon and Cedar Crest were never proper parties based on R.I. Gen. Laws § 28-29-20, and Plaintiff was unable to support a claim against Johnson Diversey, Inc. To the extent any ambiguity remains from Plaintiff's First Amended Complaint or the Superior Court Docket Sheet, this Court, pursuant to Fed. R. Civ. P. 21, orders the dismissal of Cedar Crest and Johnson Diversey, Inc. as Defendants in this action. See Cherry Hill Manor, 2006 WL 2456488 at *2.[3]

---

[2] This Court suspects that the instant dispute arises out of sloppy pleading and not an attempt at deception. Another example of such sloppiness is that Plaintiff's counsel uses multiple versions of Plaintiff's name. In the Complaint and First Amended Complaint, the captions identify Plaintiff as Frank Lafazio but his name is noted as Frank Lafazia just above the attorney signature line. Thus, both the Superior Court and Federal Court dockets identify Plaintiff as Frank Lafazio. Now, in the motion to remand, Plaintiff's counsel identifies Plaintiff in the case caption and body of the pleadings as Frank Lafazia, Jr. The Court assumes that the latest version used is the correct one and utilizes it in the caption of this decision.

[3] There is no need to so order as to Beacon as it is not named in Plaintiff's First Amended Complaint, or noted either on the Superior Court Docket Sheet or this Court's docket as an active Defendant in this case.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand this action to the Rhode Island Superior Court for Providence County (Document No. 5) is DENIED and all remaining claims, if any, against Cedar Crest and Johnson Diversey, Inc. are DISMISSED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 11, 2006